UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| NORMAN SULLIVAN,[1] ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:06-cv-144 |
| ) | *Mattice/Lee* |
| CHIEF HART; DR. WILLIAM C. WILSON; ) | |
| LT. EVANS, Each Party is being Sued in His ) | |
| Individual Capacity, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Plaintiff Norman Sullivan ("Sullivan") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks a judgment against each defendant in the amount of $10 million in compensatory damages and $30 million in punitive damages. The essence of Sullivan's claims are the defendants lost his personal property, housed him in over-crowded unconstitutional conditions, and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution. Sullivan's assertion in his complaint that he has not previously filed a lawsuit dealing with the same facts involved in this action is inaccurate. Sullivan previously filed a § 1983 complaint dealing with the same facts in this Court. *See Sullivan v. Hamilton County Jail Staff,* Civil Action No. 1:05-cv-320 (E.D. Mar. 2, 2006) (dismissed for failure to exhaust administrative remedies).

---

[1] Plaintiff identified himself in his previous cases as Norman Sullivan. In the instant complaint, plaintiff identifies himself as Norman A. Sullivan. However, he was identified as Norman C. Sullivan by the Trust Fund Custodian. According to the records department at Northeast Correctional Complex, the plaintiff's legal name is Norman C. Sullivan and his aliases are Norman Sullivan and Norman A. Sullivan.

1

For the reasons set forth herein, no service shall issue in this case and this complaint also will be dismissed for failure to demonstrate exhaustion of administrative remedies [Court File No. 2]. In addition, Sullivan's motion for appointment of counsel will be **DENIED as MOOT** [Court File No. 3].

I.      **APPLICATION TO PROCEED IN FORMA PAUPERIS**

It appears from the application to proceed *in forma pauperis* submitted by Sullivan that he is indigent and lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Accordingly, the Clerk of Court has, pursuant to 28 U.S.C. § 1915(b)(4), filed this action without the prepayment of costs and the filing fee. It appears that Sullivan possessed no money in a trust account for a period of six months prior to the filing of this complaint.

However, Sullivan is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Sullivan is an inmate or prisoner in custody at Northeast Correctional Complex, he is hereby assessed the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

The mathematical formula of 28 U.S.C. § 1915(b)(1)(A) and (B) directs a finding of zero. Accordingly, the custodian of Sullivan's inmate trust account at the institution where he now resides shall not submit an initial partial payment. *McGore v. Wrigglesworth,* 114 F.3d 601, 606 (6th Cir. 1997). However, Sullivan is still obligated to pay the full filing fee when money does become available.

The custodian shall submit twenty percent (20%) of all funds deposited to Sullivan's trust account, but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The

2

Custodian of Sullivan's trust account is instructed that when Sullivan's trust account balance is over $10.00 then the twenty-percent rule is applicable. No violation of the statute occurs if the application of the twenty-percent rule reduces the balance of the account below ten dollars. *McGore v. Wrigglesworth,* 114 F.3d at 606.

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to disburse funds to the Warden of Northeast Correctional Complex, the Custodian of Inmate Accounts at Northeast Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Sullivan's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of plaintiff shall collect the filing fee as funds become available. This order shall become a part of the inmate's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.[2]

The plaintiff is **ORDERED** to notify this Court of his change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison

---

[2] **Send remittances to the following address:**

    Clerk, U.S. District Court
    P.O. Box 591
    Chattanooga, TN 37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

3

Case 1:06-cv-00144   Document 5   Filed 07/25/06   Page 3 of 8   PageID #: 3

officials of this order and outstanding debt will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II. SCREENING PURSUANT TO 42 U.S.C. § 1997e

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. *See Davie v. Wingard,* 958 F.Supp. 1244, 1253-54 (S.D. Ohio 1997). The applicable section of 42 U.S.C. § 1997e provides the following:

> 1997e. Suits by prisoners
>
> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

After review of the record and the applicable law, the Court concludes the § 1983 complaint before it [Court File No. 3 ] will be **DISMISSED** *sua sponte* without prejudice because it was prematurely filed.

The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available state administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Thus, exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). In order to satisfy the requirement of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint and completing the administrative steps to exhaust all remedies. *See Shorter v. Campbell*, 59 Fed.Appx. 673 (6th Cir. Feb. 20, 2003) (table decision), *available in* 2003 WL 463480, *2.

Following the dismissal of Sullivan's original complaint for failure to allege exhaustion of his administrative remedies, he filed this second complaint based on the same claims, alleging, somewhat incomprehensibly, that he availed himself of the prison grievance procedure in that he "[f]iled grievances on both complaints and verbally addressed Chief Hart on the issues and no grievance response." [Court File No. 2, p. 2]. Sullivan's complaint contains the following claims: (1) "Deliberate indifference to routinely check and remove inmates known to be housed on floor;" (2) "Deliberate indifference to properly secure inmates personal property" and (3) "Deliberate indifference to proper medical care, and informing plaintiff the county will not except [sic] responcibility [sic] for injuries obtained from housing." In addition, although confusingly pled and, at times contradictory, Sullivan also complains he had to eat close to a commode; his jail cell was overcrowded; he was denied a shower[s]; and he was denied medical care. Sullivan avers he "filed a grievance on medical problems caused by un-fair housing and a grievance on [his] stolen property" [Court File No. 2, at second page of statement of claim]. Sullivan claims, without explaining the

5

circumstances, that he had no opportunity to appeal. The final step in the Hamilton County Jail's grievance procedure mandates that a prisoner must file an appeal on the Grievance Form, state on the form that it is a "Grievance Appeal," and place the appeal in the Grievance Box. This final step of filing an appeal is the step Sullivan failed to complete. Consequently, Sullivan's complaint demonstrates that he failed to file inmate grievances challenging all of his claims which he raises in the instant complaint and, that he failed to exhaust all of his available administrative remedies. Thus, crediting the allegations of the instant complaint, plaintiff has not exhausted his administrative remedies as to all claims raised in this § 1983 complaint. This alone requires dismissal.

It does not appear that Sullivan has completed the grievance procedure on any of his claims. Sullivan filed an initial grievance on two of his claims but he failed to exhaust his remedies when he did not complete the third step of the grievance procedure which requires the inmate to appeal, in writing, to the Chief of Corrections. It does not appear that Sullivan ever appealed either decision beyond the second step of the grievance procedure.[3]

---

[3] The Court found, in Sullivan's previous complaint dealing with these claims and facts, that he failed to follow the Hamilton County Jail procedure for resolving grievance problems which resulted in his failure to exhaust administrative remedies. The Hamilton County Jail maintains an administrative remedy program to address the concerns of inmates. The Hamilton County Jail has a three-step inmate grievance procedure. First, informal resolutions are encouraged between staff and inmates. If an inmate is not satisfied with the outcome of the resolution, the second step is for the inmate to submit an inmate grievance form by placing it in the grievance box. The Jail Captain then assigns the grievance to the responsible supervisor for action and/or response. If an inmate is dissatisfied with the resolution of the grievance the third step requires the inmate to appeal to the Chief of Corrections. The proper procedure for effecting an appeal, the step Sullivan failed to take, is stated in the Inmate Handbook. "The appeal will be made on a Grievance Form within five (5) calendar days of the date actions were taken and stating on the form "Grievance Appeal." The reason for appeal must be stated clearly on the form. The Grievance Appeal is to be placed in the Grievance Box." *See Hamilton County Sheriff's Office Inmate Handbook Number 59,* pp. 20-22 [Court File No. 16, Exhibit A, pp. 20-22].

Sullivan asserts several claims in the instant complaint. First, he raises a housing conditions, overcrowding claim. Second, he claims his personal property was stolen. Third, he claims the defendants were deliberately indifferent to his serious medical needs for a hernia he developed as a result of being forced to sleep on the floor while incarcerated in the Hamilton County Jail. And, Sullivan also includes several miscellaneous claims, *i.e.*, he had to eat next to a commode and he was denied showers. Although Sullivan claims he filed grievances on two of his claims; verbally addressed Chief Hart on both complaints; and that Lt. Evans spoke to him, presumably about the grievances, Sullivan has failed to allege or demonstrate he completed the appellate process provided by the Hamilton County Jail grievance procedure.[4] Sullivan bears the burden of establishing exhaustion of administrative remedies. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and its results with specificity. *Knuckles El v. Toombs*, 215 F.3d at 642. Sullivan has failed to meet his burden. Sullivan does not allege he raised each claim contained in the instant § 1983 complaint in the prison grievance procedure nor does he allege he filed an appeal with the Chief of Corrections. Instead, he asserts (without providing any factual explanation) he had no opportunity to file an appeal. Consequently, Sullivan has failed to demonstrate he exhausted his administrative remedies.

---

[4] The record in Civil Action Number 1:05-cv-320, includes the September 12, 2005, grievance regarding the loss of his property filed by Sullivan [Civil Action No. 1:05-cv-320, Court File No. 16-3, Exhibit B]. However, that record also reflects Sullivan failed to file an appeal with the Chief of Corrections as required to exhaust administrative remedies. On September 11, 2005, Sullivan filed a grievance claiming he has developed a hernia as a result of being forced to sleep on a steel bench or concrete floor while incarcerated [Civil Action No. 1:05-cv-320, Court File No. 16-3, Exhibit B]. Once again, he failed to exhaust his administrative remedies when he failed to file an appeal with the Chief of Corrections. Sullivan did not file a grievance regarding his housing-conditions complaint.

Every claim raised in a prisoner's § 1983 complaint first must be exhausted through the grievance system; there is no provision in *Brown*, supra, for a "mixed" complaint. *Shorter v. Campbell*, 59 Fed.Appx. 673 (6th Cir. 2003), (table decision) *available in* 2003 WL 463480, *2 (citing *Brown*, 139 F.3d at 1104). The Sixth Circuit has held that dismissal of a prisoner's complaint is required when he alleges both exhausted and unexhausted claims. *See Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006)("[T]he PLRA requires total exhaustion, and that exhaustion is mandatory, even if proceeding through the administrative system would be futile. (internal quotation marks omitted)); *Bey v. Johnson*, 407 F.3d 805 (6th Cir. 2005), *petition for cert. filed,* 74 U.S.L.W. 3424 (U.S. Jan. 9, 2006) (No. 05-874)(holding that when a prisoner alleges both exhausted and unexhausted claims, the PLRA requires a complete dismissal of a prisoner's complaint).

The Court has reviewed Sullivan's allegations concerning the exhaustion issue and does not find that he has demonstrated his administrative remedies have been exhausted as to all claims raised in his complaint. Accordingly, because Sullivan has the burden of showing he has exhausted his administrative remedies with respect to each claim raised in his § 1983 complaint and because Sullivan has failed to carry his burden of showing exhaustion as to *each and every* constitutional claim raised in his complaint, this action will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e); *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

A judgment will enter.

                                         *s/ Harry S. Mattice, Jr.*
                                         HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE